**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **NATIONWIDE AGRIBUSINESS** ) | |
| **INSURANCE  COMPANY, an IOWA** ) | |
| **company,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 19-1053** |
| ) | |
| **THE PICTSWEET COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT, RESTITUTION AND UNJUST
ENRICHMENT**

Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") alleges as follows:

**PARTIES**

1.

Nationwide is an Iowa company with its principal place of business in Iowa.

2.

The Pictsweet Company ("Pictsweet") is a Delaware corporation.   Upon information and belief Pictsweet's principal place of business is in Bells, Tennessee.

**JURISDICTION AND VENUE**

3.

This Court has personal jurisdiction over Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and Tennessee Code Annotated § 20-2-214 in that the Defendant is authorized to do business in Tennessee and has, in fact, transacted business in Tennessee.

4.

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 because complete diversity exists among the parties and the total amount in controversy exceeds $75,000, exclusive of interest and costs.

5.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because at least one of the contracts of insurance as described herein was issued to the Defendant in this District, and therefore a substantial part of the events giving rise to the claim occurred therein.

**THE INSURANCE POLICIES**

6.

Nationwide issued commercial general liability policy number CPP135235A to CRF Frozen Foods, LLC ("CRF") for the period of May 3, 2013, to May 3, 2014 ("CRF '13-'14 Policy"), a true and correct copy of which is attached hereto as Exhibit A.  The CRF '13-'14 Policy was renewed for the period of May 3, 2014, to May 1, 2015 ("CRF '14-'15 Policy"), a true and correct copy of which is attached hereto as Exhibit B.  The CRF '14-'15 Policy was renewed for the period of May 1, 2015, to May 1, 2016 ("CRF '15-'16 Policy"), a true and correct copy of which is attached hereto as Exhibit C.  The CRF '15-'16 Policy was renewed for the period of May 1, 2016, to May 1, 2017 ("CRF '16-'17 Policy"), a true and correct copy of which is attached hereto as Exhibit D.  The CRF '13-'14 Policy, the CRF '14-'15 Policy, the CRF '15-'16 Policy, and the CRF '16-'17 Policy are collectively referred to herein as the "CRF Policies."

7.

Nationwide issued commercial general liability policy number CPP856371A to The Pictsweet Company Inc. ("Pictsweet") for the period of May 1, 2015, to May 1, 2016 ("Pictsweet '15-'16 Policy"), a true and correct copy of which is attached hereto as Exhibit E.  The Pictsweet '15-'16 Policy was renewed for the period of May 1, 2016, to May 1,

2017 ("Pictsweet '16-'17 Policy"), a true and correct copy of which is attached hereto as Exhibit F.   The Pictsweet '15-'16 Policy and the Pictsweet '16-'17 Policy are collectively referred to herein as the "Pictsweet Policies."   The CRF Policies and the Pictsweet Policies are collectively referred to herein as "the Policies."

## BACKGROUND

8.

CRF is in the business of processing and packaging frozen fruit and vegetables for many commercial customers, who sell the CRF products under their own brands. Pictsweet is one of CRF's commercial customers.

9.

Based on evidence that CRF products were potentially contaminated with listeria, CRF ceased operations at its facility located in Pasco, Washington on April 22, 2016. CRF issued a recall of 11 frozen vegetable products at that time.  On May 2, 2016, CRF expanded the recall to include all of its fruit and vegetable products manufactured or processed at the Pasco facility since May 1, 2014.

10.

A putative class action complaint captioned *Roger Coffelt, Jr. v. The Kroger Co. et al.* was filed in United States District Court, Central District of California, Case No. 5:16-cg-01471 ("Coffelt Lawsuit").  The Coffelt Lawsuit named The Kroger Co. ("Kroger"); The Pictsweet Company; and CRF Frozen Foods, LLC as defendants.

11.

In the Coffelt Lawsuit, Pictsweet was alleged to be a grower, packer, and distributor of frozen vegetables, fruits, and vegetables with sauce blends for retail and foodservice markets.   Kroger, Pictsweet, and CRF, were alleged to have grown, manufactured/processed, packaged, and distributed the frozen vegetables that were subject to the recall.

12.

Plaintiff alleged that he purchased and consumed frozen vegetables that were subject to the recall.  The Coffelt Lawsuit disclaimed recovery for personal injury claims. The Coffelt Lawsuit asserted only economic damages directly related to the purchase of the subject products.

13.

Pictsweet sought a defense for itself and for Kroger under the Pictsweet Policies for the claims alleged in the Coffelt Lawsuit Complaint ("Coffelt Complaint").  Attached as Exhibit G is a true and correct copy of the Coffelt Complaint.  Nationwide denied a defense to Pictsweet and Kroger because the Coffelt Complaint did not allege damages because of "bodily injury."  Moreover, the Coffelt Complaint did not allege damages because of "property damage" that were covered by the policy.  The only damages because of "property damage" that were alleged in the Coffelt Complaint were not covered under the Policies because of the "your product" exclusion, which precludes coverage for damage to the frozen vegetables allegedly handled by CRF and Pictsweet, and the "recall of products" exclusion which precludes coverage for damages related to the recall of any products.

14.

Pictsweet tendered defense of the claims in the Coffelt Lawsuit as an additional insured under the CRF Policies.  Based upon the allegations in the Amended Complaint in the Coffelt Lawsuit ("Coffelt Amended Complaint"), Nationwide accepted Pictsweet's tender of defense under a reservation of rights.  Attached as Exhibit H is a true and correct copy of the Amended Complaint in the Coffelt Lawsuit.  Nationwide specifically reserved the right to recover from Pictsweet any amounts paid as defense costs if a court of competent jurisdiction later determined that none of the claims for which Nationwide provided a defense or defense costs was covered under the CRF Policies.

4

15.

Pictsweet claims to have incurred around $2,288,424.82 defending itself from the claims in the Coffelt Lawsuit. Pictsweet periodically submitted invoices to Nationwide for reimbursement of defense costs as they were incurred. Nationwide reviewed the submitted invoices and issued payment to Pictsweet for the amounts it determined, based upon the information provided, were reasonable and necessary for the defense of Pictsweet. To the extent Nationwide paid less than the amount claimed by Pictsweet, Nationwide requested further information needed to determine if the defense costs were reasonable and necessary. Nationwide has paid a total of $1,810,868.28 to compensate Pictsweet for the costs incurred to defend itself in the Coffelt Lawsuit. Nationwide and Pictsweet continue to dispute what remaining amounts are owed, if any, for defense of Pictsweet under the Policies.

16.

Pictsweet claims to have incurred $837,331.18 defending Kroger from the claims in the Coffelt Lawsuit. Nationwide has not paid any of the claimed amounts for the defense of Kroger.

**POLICY TERMS**

17.

The CRF Policies and the Pictsweet Policies each include the following coverage terms:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

\*\*\*

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

*** 

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**     The "bodily injury" or "property damage" occurs during the policy period;

***

**2.     Exclusions**
This insurance does not apply to:

***

**k.     Damage To Your Product**
"Property damage" to "your product" arising out of it or any part of it.

***

**n.     Recall Of Products, Work Or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
**(1)**     "Your product";
**(2)**     "Your work"; or
**(3)**     "Impaired property";
if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

***

N Pictsweet Comp 190320

**SECTION V – DEFINITIONS**

***

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**17.**     "Property damage" means:

    **a.**     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**21.**     "Your product":

    **a.**     Means:

        **(1)**     Any goods or products, other than real property manufactured, sold, handled, distributed or disposed of by:

            **(a)**     You;
            **(b)**     Others trading under your name; or
            **(c)**     A person or organization whose business or assets you have acquired; and

        **(2)**     Containers (other than vehicles), materials, parts, or equipment furnished in connection with such goods or products.

    **b.**     Includes:

        **(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**     The providing of or failure to provide warnings or instructions.

**FIRST CLAIM - DECLARATORY RELIEF – DUTY TO DEFEND**

18.

Nationwide incorporates herein by reference paragraphs 1 through 17.

19.

An actual justiciable controversy exists between Nationwide and Pictsweet about whether Nationwide was obligated to defend Pictsweet or Kroger under any of the Policies with respect to the claims in the Coffelt Lawsuit.

20.

Because the Coffelt Complaint disclaimed recovery for personal injury claims, the Coffelt Complaint did not seek damages because of "bodily injury."  To the extent the Coffelt Complaint alleged damages because of "property damage," there was no potential for coverage for any such damages under the Policies due to application of the "your product" and "recall of products" exclusions.

21.

Because the Coffelt Amended Complaint disclaimed recovery for personal injury claims, the Coffelt Amended Complaint did not seek damages because of "bodily injury." To the extent the Coffelt Amended Complaint alleged damages because of "property damage," there was no potential for coverage for any such damages under the Policies due to application of the "your product" and "recall of products" exclusions.

22.

Moreover, the Coffelt Amended Complaint did not seek from Pictsweet any damages because of "bodily injury" or "property damage" covered by the Policies.  Rather, the Coffelt Amended Complaint sought restitution and equitable relief, neither of which constitutes damages because of "bodily injury" or "property damage."

23.

N Pictsweet Comp 190320

Pursuant to 28 U.S.C. § 2201, Nationwide is entitled to a declaration of whether it was obligated to defend Pictsweet or Kroger under any of the Policies for the claims in the Coffelt Lawsuit.

## SECOND CLAIM - DECLARATORY RELIEF – DEFENSE COSTS

24.

Nationwide incorporates herein by reference paragraphs 1 through 23.

25.

An actual justiciable controversy exists between Nationwide and Pictsweet about the amount of defense costs that Nationwide owes to Pictsweet, if any, under the Policies related to defense of Pictsweet and Kroger in the Coffelt Lawsuit.

26.

Pictsweet claims that it incurred $2,288,424.82 defending itself and $837,331.18 defending Kroger in the Coffelt Lawsuit.

27.

The defense costs that Pictsweet and Kroger incurred were excessive and unreasonable in that they:

a.      Were based on excessive and unreasonable attorney billing rates;

b.      They used an excessive and unreasonable number of attorneys to attend or respond to routine matters;

c.      Were not reasonably related to the defense of Pictsweet or Kroger, respectively; and

d.      Were based on time entries that did not comport with commonly accepted billing practices for attorneys in the same geographic area, including time entries that were vague, insufficiently described, and/or block-billed.

28.

9

Pursuant to 28 U.S.C. § 2201, to the extent that Nationwide is determined to owe a duty to defend Pictsweet or Kroger in the Coffelt Lawsuit, Nationwide is entitled to a declaration of the amount of defense costs it owes to Pictsweet, if any, under the Policies that are related to defense of the Coffelt Lawsuit.

## THIRD CLAIM – RESTITUTION/UNJUST ENRICHMENT
## – NO DUTY TO DEFEND

29.

Nationwide incorporates herein by reference paragraphs 1 through 28.

30.

Nationwide has paid $1,810,868.28 in defense costs to Pictsweet related to defense of the claims against Pictsweet in the Coffelt Lawsuit.

31.

To the extent that the Court determines that Nationwide never owed Pictsweet a duty to defend, Pictsweet has been unjustly enriched by Nationwide paying defense costs that it never owed.  Nationwide is entitled to recover the defense costs it has paid to Pictsweet to the extent that the Court determines that Nationwide never owed a duty to defend Pictsweet.

## FOURTH CLAIM – RESTITUTION/UNJUST ENRICHMENT
## – UNREASONABLE DEFENSE COSTS

32.

Nationwide incorporates herein by reference paragraphs 1 through 31.

33.

Nationwide has paid $1,810,868.28 in defense costs to Pictsweet related to defense of the claims against Pictsweet in the Coffelt Lawsuit.

34.

The defense costs that Pictsweet incurred were excessive and unreasonable in that they:

a. Were based on excessive and unreasonable attorney billing rates;

b. Used an excessive and unreasonable number of attorneys to attend or respond to routine matters;

c. Were not reasonably related to the defense of Pictsweet; and

d. Were based on time entries that did not comport with commonly accepted billing practices for attorneys in the same geographic area, including time entries that were vague, insufficiently described, and/or block-billed.

35.

Pictsweet has been unjustly enriched to the extent that Nationwide has paid fees that the Court determines were unreasonable or not reasonably related to the defense of Pictsweet.  Nationwide is entitled to recover any such defense costs paid to Pictsweet that were unreasonable or not reasonably related to the defense of Pictsweet.

**PRAYER**

WHEREFORE, Nationwide prays for judgment against Defendant as follows:

1. Declaring that Nationwide never owed a duty to defend Pictsweet or Kroger from the claims in the Coffelt Lawsuit;

2. Declaring the amount of defense costs Nationwide owes under the Policies to Pictsweet, if any, related to the defense of Pictsweet and Kroger in the Coffelt Lawsuit;

3. Awarding Nationwide $1,810,868.28 for the amounts it has already paid for the defense of Pictsweet;

4. Awarding Nationwide the amount of defense costs already paid by Nationwide that the Court determines are unreasonable or not reasonably related to the

N Pictsweet Comp 190320

defense of Pictsweet;

5.    Awarding to Nationwide its costs and disbursements; and

6.    Granting Nationwide such other and further relief that the Court deems just

and equitable.

Respectfully submitted,


_s/ E. Jason Ferrell___ _____
**E. JASON FERRELL**
Registration No. 24425
Attorney for Plaintiff, Nationwide Agribusiness
Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228
DIRECT:  (615) 630-7716
(615) 256-8787, Ext. 116
jferrell@bkblaw.com

/EJF

N Pictsweet Comp 190320